UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ROBINSON, 927724,

       Petitioner,                           Civil Action No. 17-CV-12924

vs.                                      HON. BERNARD A. FRIEDMAN

SHIRLEE HARRY,

       Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

This matter is presently before the Court on respondent's motion to dismiss [docket entry 5]. Petitioner has filed a response in opposition. For the reasons stated below, the Court shall grant respondent's motion.

Petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his Wayne Circuit Court jury trial convictions for one count of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and two counts of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c. Petitioner was sentenced to 25 to 40 years on the first-degree conviction and 10 to 22½ years on the second-degree convictions.

The petition raises three claims: (1) petitioner was denied his right to confrontation and to due process through improper prosecutorial argument, (2) petitioner was denied the effective assistance of counsel at trial, and (3) petitioner was denied his right to a direct appeal.

The Court shall grant respondent's motion and dismiss the application because petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d) and he has failed to demonstrate entitlement to equitable tolling. The Court shall also deny petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis

*Background*

On March 6, 2014, petitioner was convicted of the above-described offenses. At the sentencing hearing on March 27, 2014, the court informed petitioner of his appellate rights:

> The Court: Now because your conviction was by jury verdict, you do have the right to file a claim of appeal as of right with the Court of Appeals. That claim of appeal as of right may be perfected by you on the very form which you're signing this afternoon. It further explains to you in written form what your appellate rights are.
>
> If you wish to file that claim of appeal as of right, it must be done so within the next 42 days. And if you would like the assistance of an attorney in filing of it and cannot afford an attorney, an attorney can and will be appointed for you. Do you understand?
>
> Petitioner: Yes.

Dkt. 6-8, at 13.

The form referred to by the trial court was attached to petitioner's response to respondent's motion to dismiss. *See* Dkt. 7, Ex. A. The form has three sections. The first section is labeled "NOTICE OF APPEAL RIGHTS." It states that the defendant is entitled to appellate review, that if he cannot afford an attorney one will be appointed, and that "a request for the appointment of an attorney must be made in writing and sent directly to the court at the address noted above within 42 days." *Id.* The second section of the form is labeled "RECEIPT OF NOTICE OF APPEAL RIGHTS." It states: "On this day I received this form and financial schedule. I understand that I must return the completed form to the court within 42 days if I want an attorney for my appeal." *Id.* This section was signed and dated by petitioner on the date of sentencing. *Id.* The third section allows the defendant to initiate a direct appeal. It is labeled "REQUEST FOR APPOINTMENT OF ATTORNEY." It states: "I request the appointment of an attorney to appeal my conviction. The financial schedule on the back of this form is

submitted to show my financial condition." *Id*. This section of the form also has a date and signature block for the defendant. Petitioner did not sign or date this part of the form. Finally, the form indicates, "NOTE TO DEFENDANT: After completing the request for appointment of attorney and the financial schedule, keep one copy for yourself and return the other copies to the Court." *Id*.

Petitioner's affidavit states: "At sentencing, I signed the form for appointment of Appellate Counsel and gave the form to my trial attorney. My trial attorney had a copy made of this form and gave it to me in the bullpen of the Courthouse." Dkt. 7, Ex. E. The form itself, however, confirms that petitioner only signed the "Receipt of Rights" section of the form and not the "Request for Appointment of Attorney" section. Further, the trial court docket sheet confirms that petitioner never sent the appellate rights form to the trial court. *See* Dkt. 6-1.

Petitioner attached to his response brief what he labeled a "Second Request" for the appointment of appellate counsel that bears a date of October 21, 2014. Dkt. 7, Ex. C. This form was filed with the trial court, and the trial court ordered the appointment of appellate counsel and the preparation of the trial record on December 4, 2014. Petitioner's appellate counsel filed a motion for relief from judgment in the trial court on October 26, 2015. Dkt. 6-1. The motion was denied by the trial court on February 9, 2016. *Id*. Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals. That application was denied on November 1, 2016. Dkt. 6-9. Petitioner then appealed to the Michigan Supreme Court, but his application for leave to appeal was denied by that court on May 31, 2017. Dkt. 6-10. Petitioner signed and dated the present petition for a writ of habeas corpus on August 30, 2017, and it was filed in this Court on September 5, 2017.

### Legal Standards

Though respondent entitles her motion as a motion to dismiss, it is properly construed as seeking summary judgment because the motion and the record before the Court include documents outside the pleadings.

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court construes the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* If the movant carries his burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied in habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

There is a one-year statute of limitations for habeas petitions filed by state prisoners seeking federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The period runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the period for seeking such review expires. The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." Section 2244(d)(2).

### Discussion

Section 2244(d)(1)(A) provides the operative date on which the one-year limitations period commenced in this case, i.e., "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." Here, the expiration of time for seeking direct review under this section was September 27, 2014 – six months after petitioner's judgment of sentence was entered on March 27, 2014. *See* Mich. Ct. R. 7.205(G). The statute of limitations expired one year later, on September 27, 2015.

Petitioner filed a motion for relief from judgment in the state trial court on October 25, 2015. Because the motion was filed after the limitations period had already expired, it did not toll or reset the limitations period. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

To the extent that petitioner challenges this calculation by asserting that the limitations period never started running because he was denied his direct appeal by the state court and is entitled to reinstatement of his state appellate rights, the argument finds no support in the record. The sentencing transcript clearly indicates that petitioner was informed of his appellate rights and the deadline for requesting appointment of appellate counsel. *See* Dkt. 6-8, at 13. Yet petitioner never filed the necessary paperwork to initiate his direct appeal.

Petitioner asserts that "on the day of sentencing, Petitioner requested appellate counsel in the Courtroom on March 27, 2014. EXHIBIT A." Dkt. 7 at 2. But the copy of the advice of appellate rights form provided by petitioner as Exhibit A indicates that he signed the acknowledgment of receipt of rights portion of the form, but that he failed to sign the portion of the form requesting the appointment of appellate counsel. Dkt. 7, Ex. A. Further, as noted above, the trial court docket sheet confirms that no timely request for the appointment of appellate counsel was sent to the court. Dkt. 6-1.

Therefore, the record taken as a whole would not lead a rational trier of fact to find that petitioner timely requested appointment of appellate counsel to initiate a direct appeal.

Petitioner was not deprived of his direct appeal as the result of any state court action or the inaction of his counsel. Rather, the loss of petitioner's right to a direct appeal was lost due to his his own failure to sign the request for the appointment of appellate counsel form and mail it to the trial court.

The petition is therefore time-barred unless petitioner can demonstrate grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner's assertion regarding the failure of his counsel to perfect a timely direct appeal or the trial court's failure to act on his request for the appointment of counsel would, even if true, not provide a basis for equitable tolling. While petitioner may assert that he requested appointment of appellate counsel at sentencing in the manner prescribed by state law—an assertion not supported by the record—he does not assert that he believed that a direct appeal had been filed and was pending. That is, petitioner does not claim that the state court misled him in a way that would justify his delay in filing for state post-conviction review or for federal habeas review. *See Pliler v. Ford*, 542 U.S. 225, 234 (2004) (remanding to address court of appeals' concern that prisoner may have been affirmatively misled by judge resulting in untimely filing).

Rather, petitioner merely asserts that after he filed the required paperwork requesting appellate counsel and did not receive a response from the trial court, he eventually filed a second request on October 21, 2014. At a minimum, at that point petitioner knew that no appeal was

pending and that the limitations period was therefore running. But rather than file a timely federal habeas petition, he chose instead to file for state post-conviction review.

The fact that petitioner is untrained in the law, that he was ignorant of the requirement to sign both parts of the appellate rights form, or that he may have been personally ignorant of the consequences of his inaction is insufficient to establish entitlement to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements). The form in question is written in plain language that clearly informed petitioner of the simple requirement to sign the request for the appointment of appellate counsel and mail it to the trial court if he wished to seek direct review of his conviction. Petitioner failed to do so. Petitioner is therefore not entitled to equitable tolling.

Accordingly, the Court shall grant respondent's motion and dismiss the petition because it was filed after the one-year statute of limitations expired.

### Certificate of Appealability and In Forma Pauperis Appeal

Before petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In the present case, this standard is not met. A certificate of appealability will

therefore be denied. For the same reason, petitioner may not proceed on appeal in forma pauperis, as no appeal in this matter could be taken in good faith. 18 U.S.C. § 1915(a)(3).

*Conclusion*

For the reasons stated above,

IT IS ORDERED that respondent's motion for summary judgment is granted and the petition in this matter is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis.

<table>
<tr><td></td><td>s/Bernard A. Friedman</td></tr>
<tr><td>Dated: November 16, 2018</td><td>BERNARD A. FRIEDMAN</td></tr>
<tr><td>Detroit, Michigan</td><td>SENIOR UNITED STATES DISTRICT JUDGE</td></tr>
</table>

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 16, 2018.

s/Johnetta M. Curry-Williams
Case Manager